UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DANIEL MOONEY ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. 05-10502-JLT |
| v. ) | |
| ) | |
| DEBORAH A. MOONEY ) | |
| ) | |
| Defendant ) | |

## DEFENDANT'S MOTION FOR THE COURT TO DECLINE JURISDICTION

NOW COMES the Defendant in the above captioned matter and respectfully requests that this Honorable Court dismiss the within action or in the alternative refrain from exercising jurisdiction. As grounds therefore, the Defendant states that the this case is a domestic relations matter that is best left to the discretion of the Plymouth County Probate and Family Court ("Probate Court"), where a substantially similar action is already pending. More specifically, the Defendant states as follows:

1. The parties were divorced by Judgment of Divorce Nisi in the Probate Court on June 1, 1999, docket number 98D-1672-DV1. The Judgment incorporated a Separation Agreement of the parties dated April 1, 1999.[1]

2. The Separation Agreement requires, among other things, that the Plaintiff to pay the Defendant $650 in alimony per week until she remarries and to provide her with health insurance until his alimony obligation ceases.

---

[1] Copies of the documents referenced in this motion are attached to the Memorandum of Law submitted concurrently.

3. In an attempt to be relieved of his financial obligations under the parties' Separation Agreement, the Defendant has filed in both the state court and in this court suits to set aside or modify the Separation Agreement.

4. In addition to filing the Complaint in this case requesting rescission and/or cancellation of the parties' Separation Agreement, the Plaintiff has also filed a Counterclaim for Modification in the Probate Court wherein he requests that his alimony and health insurance obligations be eliminated. The modification action also incorporates by reference the allegations contained in this case, and in fact attaches the complaint filed in this Court as an exhibit.

5. The two pending actions essentially contain the same allegations and request the same relief.

6. A summary judgment hearing is scheduled in the Plymouth County Probate and Family Court matter in mid-October.

7. As discussed in the memorandum of law submitted herewith, this case falls within the well recognized exception to federal jurisdiction for probate and domestic matters. Alternatively, the existence of a pending action in the Probate Court renders it appropriate for this Court to abstain, particularly since the relief that the plaintiff in this matter seeks is to vacate a valid judgment which the Probate Court entered.

8. In further support of this Motion, the Defendant respectfully refers the Court to the Memorandum of Law and Exhibits attached thereto submitted concurrently.

WHEREFORE, the Defendant respectfully requests that this Honorable Court:

1) Dismiss the Plaintiff's Verified Complaint and Jury Demand based,

2) Refrain from exercising jurisdiction based,

3)  Grant such other and further equitable and legal relief as this Court deems just under the circumstances.

Case 1:05-cv-10502-JLT     Document 8     Filed 09/22/2005     Page 3 of 4

## REQUEST FOR ORAL ARGUMENT

The Defendant requests oral argument on this Motion on October 4th, at 11:00 a.m. when a status conference is scheduled in this matter.

Respectfully submitted,

DEBORAH A. MOONEY

By her Attorneys,

/s/ Edward Foye
Elaine M. Epstein BBO # 155280
Edward Foye BBO #562375
Maureen McBrien BBO # 657494
Todd & Weld LLP
28 State Street
Boston, MA 02109
Tel: (617) 720-2626

Date: September 22, 2005

## LOCAL RULE 7.1 CERTIFICATE

I, Maureen McBrien certify, pursuant to L.R. 7.1 that I spoke with Brian J. Hughes attorney for the plaintiff, concerning the above-referenced motion and no agreement was reached.

/s/ Maureen McBrien
Maureen McBrien