UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN DANIEL MOONEY <br><br> Plaintiff <br><br> v. <br><br> DEBORAH A. MOONEY <br><br> Defendant | Civil Action No. 05-10502-JLT |

## JOINT STATEMENT OF THE PARTIES

NOW COME the parties to the above-referenced matter, and respectfully submit the following proposed pretrial schedule pursuant to Local Rule 16.1(D), Federal Rule of Civil Procedure 26(f) and the Notice of Scheduling Conference.

This case involves the Plaintiff's attempt to rescind the parties' Separation Agreement that they entered into at the time of their divorce in 1999 on the basis of supposed duress and undue influence.

Deborah A. Mooney's Position

In this case, the Plaintiff seeks a rescission of the parties' Separation Agreement, even though Plaintiff was represented by counsel when the Separation Agreement was negotiated and executed. An action to modify the Judgment of Divorce Nisi that incorporates the parties' Separation Agreement is also pending in the Plymouth County Probate and Family Court. In that case, the Plaintiff also attempts to be relieved of his financial obligations as set forth in the parties' Separation Agreement on that basis that, among other things, he was under duress and undue influence at the time of its execution.

As set forth more fully in the Defendant's Memorandum of Law in Support of the Motion for the Court to Decline Jurisdiction, this case falls within the well recognized exception to federal jurisdiction for probate and domestic matters. Alternatively, the existence of a pending action in the Probate Court renders it appropriate for this Court to abstain, particularly since the relief that the Plaintiff in this matter seeks is to vacate a valid judgment which the Probate Court entered.

Apparently, counsel for the Plaintiff is under the misguided impression that the Separation Agreement and Judgment of Divorce Nisi are separate, enabling him to maintain actions on both in separate courts. The Separation Agreement is in fact incorporated and made part of the Judgment of Divorce Nisi and together they are

one judgment. The language in the Judgment of Divorce Nisi indicating that the Separation Agreement survives as an independent contract merely indicates that it can be sued upon as a contract. It is Ms. Mooney's position that the Probate and Family Court is the most appropriate forum to adjudicate whether the Judgment it issued should be rescinded or modified in any manner.

To the extent that this Court entertains this action, the Court will find no basis for rescinding or otherwise rendering invalid the parties' Separation Agreement.

John Daniel Mooney's Position

Mr. Mooney claims that the contract entered into between him and Ms. Mooney is void as it was entered into solely as a result of coercion, duress, and undue influence by the Defendant, compounded by the Plaintiff's medical condition at the time. There are several witnesses to admissions and behavior of the Defendant and Mr. Mooney will produce medical records to support the claims of impaired mental ability of the Plaintiff at the time of the duress. The Plaintiff seeks a Judgment by the Court entering an equitable order rescinding or canceling the contract. Although alleged by the Defendant, Mr. Mooney has no intention of challenging the Judgment of the Plymouth County Probate and Family Court. The Separation Agreement stands on its own as an independent contract that is both enforceable and capable of being challenged in any court of general jurisdiction. As such, counsel for Mr. Mooney objects to the dismissal of the case and/or deferring jurisdiction to the Probate and Family Court.

Settlement Prospects

The sole settlement that the Plaintiff proposes is a rescission of the Separation Agreement.

Discovery Schedule

To the extent that the Court retains jurisdiction over this matter making a discovery schedule necessary, Ms. Mooney is willing to adopt the schedule as proposed in the Plaintiff's report submitted in May, with a few minor adjustments given the time that has elapsed:

- Pre-Discovery Disclosures
    - Produced no later than October 15, 2005
- Discovery Plan
    - Discovery limited to exploring whether the Plaintiff entered into the Separation Agreement voluntarily and to the Plaintiff's allegations of duress and undue influence.
    - All discovery completed by January 31, 2006.
    - Maximum of twenty interrogatories by each party to any other party (Plaintiff suggests fifty).

- o Maximum of twenty requests for admission by each party to any other party (Plaintiff suggests fifty).
- o Maximum of four depositions by each party (Plaintiff suggests fifteen).
- o Reports from retained experts under Rule 26(a)(2) completed by June 30, 2006.
- o Supplementations under Rule 26(e) due thirty days after service; service not to be made less than sixty days before trial.
- o Final lists of witnesses and exhibits under Rule 26(a)(3) due no less than thirty days prior to trial.
- o Trial no later than April 1, 2006, at the convenience of the Court.

Certifications of Attorneys

I, Maureen McBrien, certify that I have conferred with my client and with opposing counsel to discuss alternative courses of litigation and options for settlement.

/s/ Maureen McBrien

/s/ Deborah A. Mooney (by MM)

I, Brian J. Hughes, certify that I have conferred with my client and with opposing counsel to discuss alternative courses of litigation and options for settlement.

/s/ Brian J. Hughes

/s/ John Daniel Mooney (by BJH)

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| JOHN DANIEL MOONEY | DEBORAH A. MOONEY |
| By his Attorney, | By her Attorneys, |
| /s/ Brian J. Hughes | /s/ Maureen McBrien |
| Brian J. Hughes, Esq. | Elaine M. Epstein BBO # 155280 |
| Jackson & Coppola | Edward Foye BBO #562375 |
| 101 Longwater Circle | Maureen McBrien BBO # 657494 |
| Assinippi Commons, Suite 203 | Todd & Weld LLP |
| Norwell, MA 02061 | 28 State Street |
| (781) 792-3987 | Boston, MA 02109 |
| Date: September 30, 2005 | Tel: (617) 720-2626 |